**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TIMOTHY JACOBS,**

**Plaintiff,**

**-vs-**                                                       **Case No.  6:10-cv-541-Orl-22GJK**

**FEDEX GROUND PACKAGE SYSTEM, INC.,**

**Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION TO APPROVE SETTLEMENT** (Doc. No. 17) |
| **FILED:** | **December 14, 2010** |
| _____ | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

Plaintiff and Defendant jointly move (the "Motion") the Court to approve their settlement

agreement (the "Agreement") pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss

the case with prejudice.  Doc. No. 17.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d

1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it

final and binding effect.  As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . .  The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.  Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute."  *Id*. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation."  *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007).  The Court should be mindful of the strong presumption in favor of finding a settlement fair.  *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

*Id.* In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee

improperly detracts from the plaintiff's recovery.[2]   Thus, a potential conflict can arise between

counsel and their client regarding how much of the plaintiff's total recovery should be allocated

to attorneys' fees and costs.[3]   It is the Court's responsibility to ensure that any such allocation is

reasonable.  *See Silva*, 307 Fed.Appx. at 351-52.  In doing so, the Court uses the lodestar method

for guidance.  *See Comstock v. Florida Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009

WL 1586604 at *2 (S.D. Fla. June 5, 2009).  As the Court interprets the *Lynn's Foods* and *Silva*

cases, where there is a compromise of the amount due to the plaintiff, the Court should decide

the reasonableness of the attorneys' fees provision under the parties' settlement agreement using

the lodestar method as a guide.  In such a case, any compensation for attorneys' fees beyond that

justified by the lodestar method are unreasonable unless exceptional circumstances would justify

such an award.

This case involved disputed issues of FLSA coverage, which constitutes a bona fide

dispute.  *See* Doc. Nos. 1, 5, 13.  The parties were represented by independent counsel who are

obligated to vigorously represent their clients.  *Id*. Plaintiff originally claimed $2,055.37 in

alleged unpaid hours worked, overtime pay, and liquidated damages, plus an unspecified amount

for damages as to a retaliation claim. Doc. Nos. 13, 17.  The parties agreed to settle Plaintiff's

claims in exchange for a release of all claims in a total sum of $5,000.00, broken down as

follows: $1,027.69 for unpaid overtime wages, $1,027.69 for liquidated damages; $222.31 for

front pay; $222.31 for other damages; and $2,500.00 for attorney's fees and costs. Doc. No. 17 at

2.  The Plaintiff agreed to compromise his claim after considering Defendant's contention that

---

[2] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his/her counsel.  Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[3] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

Plaintiff did not work off the clock or overtime hours, and Plaintiff was not discharged in retaliation for complaining about his pay. *Id.* at 1.  In light of the foregoing, it is recommended that the Court find the proposed compromise of Plaintiff's claims is fair and reasonable.

Plaintiff's counsel, Matthew Romanik, Esq., filed a detailed time sheet showing the total amount of time spent on the case.  Counsel expended 11.9 hours in the litigation with an effective hourly rate of $177.31 ($2,500.00 - $390.00 in costs = $2,110.00 / 11.9 hours). Doc. No. 17 at 2, 9-10.  After reviewing the time sheet, the undersigned recommends that the amount of time expended on the case was reasonable.  Without citing any authority, Mr. Romanik states that this Court has previously determined a reasonable hourly rate for Mr. Romanik is $250.00 per hour. Doc. No. 17 at 2.  The Court has determined Mr. Romanik's statement is accurate. *See Basli v. Southeastern Neon & Lighting Group, Inc., et. al.*, 6:07-cv-1460-Orl-19GJK, Doc. No. 35 (M.D. Fla. May 14, 2009); *Flynn v. W.G. Yates & Sons Construction Company*, Case No. 6:08-cv-1614-28DAB, Doc. No. 14 (M.D. Fla. Mar. 18, 2009).   Thus, the undersigned recommends that the Court find that the rate requested for Mr. Romanik is reasonable.

Plaintiff seeks the following costs:

| Filing Fee | $ 350.00 |
|---|---|
| Service of Process | $   40.00 |
| **TOTAL** | **$ 390.00** |

Doc. No. 17 at 2.  The costs claimed are reasonable. Accordingly, the undersigned recommends that the Court find the total fees and costs requested are reasonable.

In conclusion, the undersigned recommends that the Court find the proposed Agreement in exchange for Plaintiff's release of all claims and dismissal of the action with prejudice to be fair and reasonable. Accordingly, it is recommended that:

1. The Motion (Doc. No. 17) be **GRANTED** only to the extent that the Court finds the parties' settlement is fair and reasonable; and

2. The case be dismissed with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  In order to expedite the final disposition of this case, if the parties have no objection to this report and recommendation they may promptly file a joint notice of no objection.

Recommended in Orlando, Florida on February 3, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record